**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WISKENCIA DESULMA,

                                    Petitioner,

        v.

DIRECTOR, OTAY MESA
DETENTION CENTER, *et al.*,

                                    Respondents.

Case No. 26-cv-01324-BAS-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Wiskencia Desulma filed a habeas petition pursuant to 28 U.S.C. § 2241 claiming he was improperly detained months after he was paroled into the United States pursuant to the CBP One app. (ECF No. 1.)  Although the Government opposes the request, it acknowledges that the Court's prior rulings support release. (ECF No. 5.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

**I.      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or

- 1 -

26cv1324

she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner, a citizen of Haiti, entered the United States on January 19, 2025, using the CBP One app to seek asylum.  (ECF No. 1.)  He was released on humanitarian parole. (*Id.*)  On October 31, 2025, the Department of Homeland Security ("DHS") arrested Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community.  (*Id.*) Petitioner has no criminal record and has attended all scheduled immigration hearings.  (*Id.*) Petitioner seeks immediate release or a bond hearing.

## III.   ANALYSIS

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty.  *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers).  Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be

26cv1324

revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner on humanitarian parole, finding he was not a flight risk or a danger to the community in January 2025, and because there is no evidence that those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released.  If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge.

## IV. CONCLUSION

For the reasons stated above, Petitioner Wiskencia Desulma's Petition for Writ of Habeas Corpus is **GRANTED**.  (ECF No. 1.)  Accordingly, the Court issues the following writ:

The Court **ORDERS** Wiskencia Desulma (A#244-897-386) be released on the same terms and conditions as he was ordered released in January 2025.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1324